**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DESMOND WILSON,

    Petitioner,

v.
                                                      CASE NO: 8:16-cv-3346-T-30TBM
                                                      Crim. Case No: 8:13-cr-434-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

       This cause comes before the Court on Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. section 2255 and the Government's response. Petitioner was arrested and convicted of drug trafficking after the boat he was on was found with over 1,000 kilograms of marijuana. Petitioner now argues his conviction should be overturned because his counsel's performance was so deficient that he was prejudiced. Specifically, Petitioner argues he would have received a plea deal and lesser sentence but for the ineffective performance of counsel. The Government argues (1) that Petitioner maintains his innocence and, thus, is unable to receive a plea deal; (2) plea deals are not guaranteed; and (3) regardless of sentencing guidelines, Petitioner still faces a statutory mandatory-minimum sentence of 10 years' imprisonment. Because Petitioner has

not shown that counsel's performance was deficient or that the performance prejudiced him, the Court concludes his Motion must be denied.

## BACKGROUND

In August 2013, a United States Coast Guard law enforcement team ("USCG") observed a Jamaican fishing vessel, named "Miss Tiffany," in the waters north of Venezuela. The USCG saw the Miss Tiffany crew, of which Petitioner was a member, jettisoning bales of marijuana. The USCG recovered the bales and seized Petitioner and a co-defendant, both of whom were from Guyana.

In September 2013, Petitioner was charged with conspiracy to possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, while on board a vessel subject to the jurisdiction of the United States of America (Count I), and possession with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, while on board a vessel subject to the jurisdiction of the United States of America(Count 2). (CR Doc. 1). Petitioner pleaded not guilty to the charges, maintained his innocence throughout, and went to trial.

At trial, Petitioner and the Government agreed that the United States Coast Guard recovered fifty five bales of marijuana jettisoned from the Miss Tiffany. (CR Doc. 64). Petitioner and the Government also agreed on the Chemical Analysis Report which determined the portion of the bales tested to be 2,501 grams of marijuana. (CR Doc. 64,64a). The Chemical Analysis Report made clear that only the "plant material," not

2

packaging, was considered in the calculation of the quantity tested. (CR Doc. 64a). The total weight (the calculation to be made by extrapolating from the portion tested) was contested at trial and was a question of fact left for the jury.

In November 2013, the jury found Petitioner guilty on both counts, and the Court sentenced him to 120 months' imprisonment. Petitioner appealed, and the Eleventh Circuit affirmed. *United States v. Persaud, et al.*, 605 F. App'x 791 (11th Cir. 2015).

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner raises three grounds for relief, all based on ineffective assistance of trial counsel. At all times, Petitioner remained adamant that he was unaware of the marijuana on board the Miss Tiffany.

In Ground 1, Petitioner argues that his counsel was ineffective for failing to investigate information that would have led to a more favorable plea deal. Had counsel properly investigated the information, Petitioner argues he could have reached a plea agreement and been sentenced to less than 120 months.

In Ground 2, Petitioner argues that his counsel was ineffective for challenging the issue of jurisdiction and following Petitioner's desire to go to trial. Had counsel not raised the issue of jurisdiction and not followed Petitioner's desire to go to trial, Petitioner contends he would have received a more favorable sentence in the form of a negotiated plea deal.

In Ground 3, Petitioner argues that his counsel was ineffective for failing to investigate the quantity of the drugs. Specifically, Petitioner argues that counsel should

3

have weighed the bales, taking into account that the bales were water-logged from having been jettisoned and that four different agents attested to four different total weights of the contraband. Had counsel investigated these issues, Petitioner asserts his sentence would have been lower than his current sentence because he would have been granted a minor role reduction and a two-level variance.

## DISCUSSION

### I. Standard of Review

Ineffective-assistance-of-counsel claims are cognizable under section 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of

4

its two grounds."). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance'[;] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) (quoting *Strickland*, 466 U.S. at 689,104 S.Ct. at 2065). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691–92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**II. Analysis**

The Court concludes Petitioner's Motion should be denied because he shows neither deficient performance by counsel nor prejudice. The Court will address each of Petitioner's grounds below.

In ground one, Petitioner's argument that counsel was deficient is refuted by the record. Petitioner asserts that counsel was ineffective because counsel failed to adequately investigate information of the previous crewmembers of the Miss Tiffany. Petitioner states he remembered "after being in prison and having the time to analyze what happened" that there had been other crewmembers that left the vessel before discovery by the USCG. (CV Doc. 1, p. 10). Petitioner did not give this information to his lawyer before trial. Counsel cannot be expected to investigate something he knows nothing about. Therefore, ground one fails to show deficient performance.

Ground two of Petitioner's claim that counsel was ineffective when challenging the United States' jurisdiction is meritless. Petitioner argues because counsel raised the issue of jurisdiction, he was prejudiced and unable to reach a favorable plea deal. The Court concludes that Petitioner has not alleged any reason why the Court should conclude counsel was deficient in arguing jurisdiction. Even if counsel were deficient, there is no logical connection between counsel arguing jurisdiction and Petitioner being prejudiced by not receiving a plea deal. Petitioner could not have pleaded guilty because he maintained his innocence and denied the Government's factual basis. (CV. Doc. 1, pp. 13, 20). There was no deficient performance.

In ground three, Petitioner's argument that counsel was deficient is refuted by the record. Petitioner contends counsel failed to argue the weight of the marijuana. But the record shows that counsel did indeed make those arguments during trial and while cross examining witnesses. (CR. Doc. 151, 155, 157, 159). Counsel even went so far as to limit

the number of witnesses who would testify for the Government as to the weight and vigorously opposed the Government's calculation of weight during his cross examination. (CR. Doc. 155). Because this was sound trial strategy, the Court concludes that Petitioner has failed to show counsel's conduct was deficient.

## CONCLUSION

Petitioner has failed to demonstrate that counsel was deficient or that Petitioner was prejudiced by counsel's allegedly deficient conduct. Therefore, the Court concludes Petitioner's Motion must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Doc. 3) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the amended motion to vacate found at Doc. 185 in the underlying criminal case, case number 8:13-cr-434-T-30TBM.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 4th day of August, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record